UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICKY DURHAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:18-CV-1613 JCH |
| | ) |
| WARDEN C. NASH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The petition is successive and shall be summarily dismissed.

## Background

In 1988, Durham was convicted of the first degree murder of a United States Postal Service Mail Carrier who was engaged in the performance of his duties and the use of a firearm in the commission of a crime of violence by a jury of the United States District Court for the Eastern District of Missouri. *See United States v. Durham*, 868 F.2d 1010, 1011 (8th Cir. 1989). Durham is currently serving a term of life imprisonment for this federal murder conviction.[2] *Id.* The Eighth Circuit affirmed Durham's federal convictions and sentence on appeal. *Id.* Thereafter, the trial

---

[1] Petitioner filed this action in the United States District Court for the Southern District of Mississippi on May 8, 2018, on a court form for filing petitions pursuant to 28 U.S.C. § 2241. After reviewing his petition, as well as his memorandum in support of his petition, the Honorable Carlton W. Reeves found that petitioner was using his habeas to collaterally attack his state criminal conviction, thus his action should be construed as a request for state habeas relief brought pursuant to 28 U.S.C. § 2254. Accordingly, Judge Reeves transferred the present § 2254 action to this Court pursuant to 28 U.S.C. § 2241(d).

[2] Petitioner is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, which is located within the confines of the Southern District of Mississippi.

court denied Durham's motion for post-conviction relief under 28 U.S.C. § 2255. *See Durham v. United States,* No. 4:95-CV-2309 (E.D. Mo. May 42, 1996), *appeal dismissed*, No. 96-2650 (8th Cir. 1996).

After receiving this federal sentence, a jury convicted Durham of first degree murder in the Circuit Court of St. Louis, Missouri. *See State v. Durham,* 822 S.W.2d 453, 454 (Mo. Ct. App. 1991). As a result, Durham received a state sentence of life imprisonment without the eligibility for probation or parole. *Id.* The Missouri Court of Appeals affirmed Durham's conviction and sentence and also denied his motion for post-conviction relief. *Id.* Durham also sought federal habeas relief from this state conviction, which was denied. *Durham v. Henman*, No. 4:92-CV-1622 (E.D. Mo. July 12, 1993) (denying § 2254 petition), *aff'd*, 26 F.3d 126 (8th Cir. 1994). Durham asserts that his state sentence is consecutive to his federal sentence and that the Sheriff's Department of St. Louis, Missouri, has lodged a detainer with the federal Bureau of Prisons.

In his petition, Durham claims his state court murder conviction is unconstitutional. Specifically, Durham argues: (1) the "State of Missouri had no jurisdiction to prosecute Petitioner for an offense in which the U.S. Government had exclusive and sole jurisdiction;" (2) he was provided ineffective assistance of counsel; and (3) his conviction was imposed in violation of the prohibition against double jeopardy. As relief, Durham is asking this Court to vacate his state court conviction or remand his case to the State of Missouri for an evidentiary hearing "that would not cause any further delay for Petitioner's potential release from federal custody when granted a parole date."

## Discussion

On September 24, 2018, the United States District Court for the Southern District of Mississippi found that petitioner's arguments in his application for writ of habeas corpus did not attack either the manner in which his federal sentence was being carried out or the prison authorities' determination of the duration of his sentence. Therefore, the Court found that petitioner was not properly asserting an argument under § 2241, and the Court did not have jurisdiction over petitioner's application for writ.

Rather, the Court found that petitioner's assertions in his application for writ of habeas corpus related to the constitutionality of his state murder conviction and sentence which were more properly analyzed under 28 U.S.C. § 2254, over which this Court maintains jurisdiction because this is the district court where petitioner's state conviction and sentence occurred. Therefore, the United States District Court for the Southern District of Mississippi properly transferred this matter to this Court for review of petitioner's habeas.

However, this is the second § 2254 action that petitioner has brought relating to his St. Louis City murder conviction. As noted above, in *Durham v. Henman*, No. 4:92-CV-1622 (E.D. Mo. July 12, 1993), petitioner sought federal habeas review of his state criminal conviction. His application for review was denied on the merits, as was his appeal, in *Durham v. Henman*, 26 F.3d 126 (8th Cir. 1994).

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28

U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner=s petition for writ of habeas corpus is **DENIED AND DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 26th day of November, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE